# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| GAYA K. HOLMAN, | § | |
| **Plaintiff,** | § | |
| v. | § | No. 3:16-CV-2125-N (BF) |
| U.S. BANK, N.A., et al., | § | |
| **Defendants.** | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

This case has been referred to the United States Magistrate Judge for pretrial management. Before the Court is Gaya K. Holman's ("Plaintiff") Motion to Remand [ECF No. 7]. For the reasons stated below, the undersigned respectfully recommends that the District Court DENY Plaintiff's Motion to Remand [ECF No. 7].

## BACKGROUND

Plaintiff, proceeding *pro se*, filed her Original Petition in the 68th Judicial District Court in Dallas County, Texas on November 17, 2014 against U.S. Bank, N.A. ("U.S. Bank"), First Franklin Financial Corp. ("First Franklin"), Bank of America, N.A. ("BOA"), and Nationstar Mortgage, L.L.C. ("Nationstar") (collectively, "Defendants"). Original Pet., ECF No. 1-4 at 8-11. In the Original Petition, Plaintiff stated that she is the owner of a property located at 10030 Deer Hollow, Dallas, Texas 75249 (the "Property"). Original Pet., ECF No. 1-4 at 10. Plaintiff also stated that on July 28, 2014, U.S. Bank filed an Application for an Expedited Order Under Rule 736 on a Home Equity Loan which stated that "51 regular monthly payments have not been paid" by Plaintiff. Original Pet., ECF No. 1-4 at 10. However, Plaintiff argued that a foreclosure on the Property is barred by a four year statute of limitations. Original Pet., ECF No. 1-4 at 10. On November 26, 2014, Plaintiff filed her Amended Petition adding the following causes of action: (1) breach of contract; (2) promissory estoppel, and (3) neligen[t] misrepresentation/gross negligence. Am. Pet.,

ECF No. 1-4 at 22-34. On July 18, 2016, Plaintiff filed her Second Amended Petition adding the following causes of action: (1) equitable estoppel - fraudulent concealment, (2) fraud, (3) wrongful foreclosure, (4) violations of the Fair Debt Collection Practices Act and deceptive tra[d]e practice, and (5) quiet title. 2d Am. Pet., ECF No. 1-4 at 122-140.

On July 22, 2016, Defendants filed their Notice of Removal based on federal question jurisdiction, because Plaintiff alleged a cause of action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692. Notice of Removal 5, ECF No. 1; 2d Am. Pet., ECF No. 1-4 at 135-37. In addition, Defendants stated that the District Court has supplemental jurisdiction over Plaintiff's state law claims, because the state law claims are related to the federal claim so that they are "part of the same case or controversy under Article III of the United States Constitution." Notice of Removal 5, ECF No. 1 (citing 28 U.S.C. § 1367). Defendants contend that Plaintiff's state law claims all relate to the servicing of her loan and Defendants' right to foreclose on the Property. *Id.* at 6, ECF No. 1. On August 22, 2016, Plaintiff filed her Motion to Remand [ECF No. 7]. Nationstar and U.S. Bank filed their response on September 12, 2016. Resp., ECF No. 10. On September 13, 2016, BOA and First Franklin filed their opposition stating that they have no additional arguments and that they join Nationstar and U.S. Bank's response. Opp'n 2, ECF No. 11. Plaintiff did not file a reply and the time to do so has passed.

## ANALYSIS

Plaintiff argues in her Motion to Remand that her ten state law claims predominate over her one federal claim and that her claims are not inter-related. Mot. to Remand, ECF No. 7 at 3. In addition, Plaintiff argues that the state court is in a better position to adjudicate the issues raised in this case, because this case was pending in the state court for two years through discovery and had

a trial setting in November of 2016. *Id.*, ECF No. 7 at 4. Plaintiff argues that a more expeditious resolution of the state law claims would occur, given the state court's familiarity with the case, and that the parties would not be subject to duplicative research, discovery, briefing, or other trial preparation. *Id.*, ECF No. 7 at 4. Therefore, Plaintiff asks that the District Court remand this case in its entirety or remand the state law claims and retain jurisdiction over the federal claim. *Id.*, ECF No. 7 at 1.

Defendants argue in their response that the thrust of the majority of Plaintiff's claims is that Nationstar and U.S. Bank (1) failed to honor a repayment plan that was entered into prior to them having an interest in Plaintiff's loan, (2) misapplied payments, and (3) engaged in improper debt collection practices by sending collection-related correspondence to Plaintiff. Resp. 4, ECF No. 10; Opp'n, ECF No. 11. Therefore, Defendants argue that it is clear that Plaintiff's federal claim arises out of and relates to the same facts as most of her state law claims. Resp. 4, ECF No. 10. Defendants also argue that the fact there is one federal claim versus multiple state law claims is immaterial, because most of Plaintiff's claims, including her federal claim, involve the same facts. Resp. 5, ECF No. 10. Defendants further argue that the statutory and common law factors in connection with Plaintiff's alternative request for the Court to remand only the state law claims are inapplicable, because the District Court has not disposed of Plaintiff's federal claim. Resp. 5, ECF No. 10. In addition, Defendants argue that, even if the District Court dismisses Plaintiff's federal claim, the state law claims should not be remanded, because the pertinent factors do not weigh in favor of remand. Resp. 5, ECF No. 10.

Plaintiff's federal claim alleges that Defendants' improper debt collection "included misapplication of payments and the addition of improper charges and fees, [] which led to Plaintiff

being named as a defendant in a wrongful foreclosure action." 2d Am. Pet., ECF No. 1-4 at 136.

Plaintiff alleges that Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692,

by "continu[ing] to send [] Plaintiff several letters misstating the balance owed." *Id.*, ECF No. 1-4

at 136. Similarly, in the breach of contract claim, Plaintiff alleges that Defendants "improper[ly]

servic[ed] [] Plaintiff's loan, and then filed [their] foreclosure complaint." *Id.*, ECF No. 1-4 at 130.

Plaintiff states that she "advised them of the Repayment Plan and asked to be setup on a new plan

which included credit for payments previously made under the Repayment Plan[,]" but Defendants

"denied the request because the payment records . . . did not reflect said payments." *Id.*, ECF No.

1-4 at 130.

  In the equitable estoppel - fraudulent concealment claim, Plaintiff states that "Defendants

waived their right to accelerate and foreclose[,]" and that "Defendants' conduct of deliberately[] (or

negligently) delaying and misleading Plaintiff to the point of foreclosure and failing to disclose

pertinent information to their successors is unconscionable." *Id.*, ECF No. 1-4 at 131. In the

promissory estoppel claim, Plaintiff contends that "Defendants had the means of knowing about the

Repayment Plan . . . to correct their accounting records[,]" and that "Plaintiff had [] no way of

knowing that Defendants . . . would not honor the Repayment Plan." *Id.*, ECF No. 1-4 at 132. In the

fraud claim, Plaintiff alleges that Defendants "committed fraud because they misapplied Plaintiff's

payments and sought to foreclose on the property." *Id.*, ECF No. 1-4 at 133. In the wrongful

foreclosure claim, Plaintiff alleges that Defendants "intentionally instituted the foreclosure process

against Plaintiff's property, knowing that they had not given Plaintiff proper credit for all payments

previously received[.]" *Id.*, ECF No. 1-4 at 133. In the negligent misrepresentation/gross negligence

claim, Plaintiff alleges that "[d]espite[] Plaintiff informing [Nationstar] that additional payments had

been made . . . the foreclosure [a]ffidavit did not account for mortgage payments made by Plaintiff[.]" *Id.*, ECF No. 1-4 at 134. Plaintiff further alleges that "Defendants failed to use reasonable care" and "made numerous demands and representations concerning the amounts allegedly ow[]ed on Plaintiff's mortgage loan[.]" *Id.*, ECF No. 1-4 at 133-34.

"When a separate and independent federal claim is joined with an otherwise non-removable claim, the defendant may remove the entire case, but this court may remand 'all matters in which [s]tate law predominates.'" *Smith v. Estate of Wagner*, Civ. Action No. H-06-2629, 2006 WL 2729282, at *10 (S.D. Tex. Sept. 25, 2006) (citing 28 U.S.C. § 1441(c)). Therefore, in order for the remand to be proper, "the claim remanded must be '(1) a separate and independent claim or cause of action; (2) joined with a federal question; (3) otherwise non-removable; and (4) a matter in which state law predominates.'" *Metro Ford Truck Sales, Inc. v. Ford Motor Co.*, 145 F.3d 320, 327 (5th Cir. 1998) (quoting *Eastus v. Blue Bell Creameries, L.P.*, 97 F.3d 100, 104 (5th Cir. 1996)). "Regardless of the number of causes of action asserted, there has been a single wrong to a plaintiff when (1) all of the plaintiff's damages arise from a single incident, or when (2) all of the plaintiff's claims involve substantially the same facts." *Smith*, 2006 WL 2729282, at *10 (citing *Smith v. Amedisys, Inc.*, 298 F.3d 434, 440 (5th Cir. 2002)). The District Court may, in its "discretion under section 1441(c) [] sever those matters in which state law predominates and [] remand[]" them to the state court. *Id.*

> Although the district court has discretion to remand state law claims that were removed along with one or more federal question claims, it may not remand the component claims that are conclusively deemed to have arisen under federal law, absent a defect in the removal procedure or circumstances rendering the retention of jurisdiction "inappropriate." . . . Otherwise, "the district court's subject matter jurisdiction over [federal] claims is mandatory so it has no discretion to remand them to state court."

*Laurents v. Arcadian Corp.*, No. 94-41183, 1995 WL 625394, at *2 (5th Cir. Oct. 4, 1995) (citing

*Buchner v. F.D.I.C.*, 981 F.2d 816, 819-21 (5th Cir. 1993)); *see also Inge v. Walker*, No. 3:16-CV-

42-B, 2016 WL 4920288, at *3 (N.D. Tex. Sept. 15, 2016) ("While the [Fifth Circuit] in *Metro Ford*

did indeed find that 'the new § 1441(c) permits courts to remand an entire action, or distinct claims,

both state and federal, if state law predominates,' the [Fifth Circuit in] *Laurents* [] held that district

courts lack authority to remand claims that confer removal jurisdiction. . . . Insofar as *Metro Ford*

and *Laurents* conflict, *Laurents* controls. . . . Thus, because Inge's RICO claim was what conferred

removal jurisdiction upon this Court . . . this Court is without authority to remand that claim, and

therefore it cannot remand the entire case." (citing *Laurents*, 1995 WL 625394, at *2; *Metro Ford*

*Truck Sales, Inc.*, 145 F.3d at 328; *Poche v. Tex. Air Corps., Inc.*, 549 F.3d 999, 1005 (5th Cir.

2008); *United States v. Walker*, 302 F.3d 322, 324-25 (5th Cir. 2002))).

The parties do not contend that there was a defect in the removal procedure or that retention

of jurisdiction is otherwise inappropriate, and such deficiencies are not apparent. *See Laurents*, 1995

WL 625394, at *2. Because Plaintiff's Fair Debt Collection Practices Act claim is "conclusively

deemed to have arisen under federal law" and "conferred removal jurisdiction upon this Court," this

claim cannot be remanded. *Id.*; *Inge*, 2016 WL 4920288, at *3. Furthermore, as argued by

Defendants, Plaintiff's federal claim involves substantially the same facts as her state claims.

"[C]ourts are prohibited from 'split[ting] apart claims that are too closely interconnected when

remanding part of a case to state court,' even though they may generally 'split claims arising from

the same nucleus of operative facts.'" *Inge*, 2016 WL 4920288, at *7 (quoting *Lawler v. Miratek*

*Corp.*, No. EP-09-CV-252-KC, 2010 WL 743925, at *7 (W.D. Tex. Mar. 2, 2010); citing *Eastus*,

97 F.3d at 105). The claims in this case are closely interconnected and arise out of Plaintiff's

allegations that Defendants improperly serviced her loan by failing to correctly give credit for the payments made, which led to a wrongful foreclosure action being filed against her. Given the interconnected nature of Plaintiff's federal and state law claims, Plaintiff's alternative request to remand only her state law claims should also be denied. *See Eastus*, 97 F.3d at 105 ("The FMLA claim alleges that Blue Bell wrongfully fired Eastus in retaliation for taking family leave. The intentional infliction of emotional distress claim also is based on the discharge. . . For both claims in the instant case, the single wrong is the termination, and the various claims are simply different theories of recovery. . . . As a result, the FMLA claim and the intentional infliction of emotional distress claim are not 'separate and independent claim[s] or cause[s] of action' under § 1441(c). Because § 1441(c) does not authorize the remand of state law claims unless they are separate and independent from the removed federal question claim, the district court abused its discretion by remanding this claim." (citing *John G. & Marie Stella Kenedy Mem'l Found. v. Mauro*, 21 F.3d 667, 674 (5th Cir. 1994))).

## **RECOMMENDATION**

For the foregoing reasons, the undersigned respectfully recommends that the District Court **DENY** Plaintiff's Motion to Remand [ECF No. 7].

**SO RECOMMENDED**, this 16th day of December, 2016.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service of the findings, conclusions, and recommendation. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superceded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

8