UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GAYA K. HOLMAN, | § | |
| Plaintiff, | § | |
| v. | § | No. 3:16-CV-2125-N (BT) |
| U.S. BANK, N.A., and | § | |
| NATIONSTAR MORTGAGE, | § | |
| L.L.C., | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States Magistrate Judge for pretrial management. Before the Court are (1) a Motion for Summary Judgment, filed by Defendants U.S. Bank, N.A. ("U.S. Bank") and Nationstar Mortgage, L.L.C. ("Nationstar"); and (2) a Motion for Summary Judgment, filed by Plaintiff Gaya K. Holman. For the reasons stated, the District Court should **DENY** Plaintiff's Motion for Summary Judgment [ECF No. 24], and **GRANT** Defendants' Motion for Summary Judgment [ECF No. 27].

## BACKGROUND

This civil action arises out of foreclosure proceedings initiated against certain real property located in Dallas County, Texas (the "Property").

Plaintiff, proceeding *pro se*,[1] filed her Original Petition against U.S. Bank, Nationstar, First Franklin Financial Corp. ("Franklin"), and Bank of America, N.A. ("BOA"), in the 68th Judicial District Court, in Dallas County, Texas, on November 17, 2014. Original Pet. [ECF No. 1-4 at 8-11]. In her Original Petition, Plaintiff alleged that she is the owner of the Property and that U.S. Bank was seeking to foreclose on the Property pursuant to an Application for an Expedited Order under Rule 736 on a Home Equity Loan. Original Pet. [ECF No. 1-4 at 10]. Plaintiff challenged the attempted foreclosure on the sole ground that such action was barred by the statute of limitations. Original Pet. [ECF No. 1-4 at 10].

On November 26, 2014, Plaintiff filed an Amended Petition asserting several additional causes of action, including breach of contract, promissory estoppel, and negligent misrepresentation/gross negligence. Am. Pet. [ECF No. 1-4 at 22-34]. On July 18, 2016, Plaintiff filed a Second Amended Petition adding claims for equitable estoppel - fraudulent concealment, fraud, wrongful foreclosure, violations of the federal Fair Debt Collection Practices Act ("FDCPA") and the Texas Deceptive Trade Practices Act ("DTPA"), and quiet title. 2d Am. Pet. [ECF No. 1-4 at 122-

---

[1] Attorneys Robert C. Lane and Anh Thu N. Dinh filed appearances in this case on Plaintiff's behalf, on March 9, 2017. Notice of Appearance [ECF No. 18].

140]. Defendants timely removed the case to federal court based on federal question jurisdiction, because the Second Amended Petition alleges a cause of action under the FDCPA. Notice of Removal 5 [ECF No. 1]; 2d Am. Pet. [ECF No. 1-4 at 135-37]. Defendants further asserted that the District Court has supplemental jurisdiction over Plaintiff's state law claims, because the state law claims are related to the federal claim so that they are "part of the same case or controversy under Article III of the United States Constitution." Notice of Removal 5 [ECF No. 1] (citing 28 U.S.C. § 1367).

On March 28, 2017, Plaintiff, Franklin, and BOA filed a Joint Stipulation of Voluntary Dismissal with Prejudice as to Plaintiff's claims against Franklin and BOA. Joint Stipulation [ECF No. 21]. Therefore, only Plaintiff's claims against U.S. Bank and Nationstar remain before this Court. Plaintiff, on the one hand, and U.S. Bank and Nationstar, on the other, have filed cross-motions for summary judgment as to all of the claims and cause of action asserted in this civil action. The parties have fully briefed the summary judgment motions, and the motions are ripe for determination.

## STANDARD OF REVIEW

Summary judgment is proper when "there is no genuine dispute as to

3

any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A party seeking summary judgment bears the initial burden of showing the absence of a genuine issue for trial. *See Duffy v. Leading Edge Prods., Inc.*, 44 F.3d 308, 312 (5th Cir. 1995). The movant's burden can be satisfied by demonstrating that there is an absence of evidence which supports the nonmoving party's case for which that party would have the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant meets its initial burden, the non-movant must show that summary judgment is not proper. *See Duckett v. City of Cedar Park*, 950 F.2d 272, 276 (5th Cir. 1992). The parties may satisfy their respective burdens "by tendering depositions, affidavits, and other competent evidence[.]" *See Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992). The party opposing the summary judgment motion must identify specific evidence in the record and state the precise manner in which that evidence supports the party's claim. *Esquivel v. McCarthy*, 2016 WL 6093327, at *2 (N.D. Tex. Oct. 18, 2016) (citing *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1988)). "[T]he court is under no duty to sift through the record to find evidence that supports a nonmovant's opposition to a motion for summary judgment." *Id.* (citing *Ragas*, 136 F.3d

4

at 458; *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16 & n.7 (5th Cir. 1992)). All evidence must be viewed in the light most favorable to the party opposing the summary judgment motion. *See Rosado v. Deters*, 5 F.3d 119, 123 (5th Cir. 1993).

## ANALYSIS

The summary judgment evidence establishes that Plaintiff executed a Texas Home Equity Security Instrument (the "Security Instrument") on January 11, 2007, granting a security interest in the Property to secure the payment of a debt evidenced by a Texas Home Equity Note (the "Note") in favor of Franklin. Defs.' App'x 9, 81 [ECF No. 29]; *see also* Pl.'s App'x, Ex. 1, 2 [ECF No. 35]. Plaintiff failed to make the required payments pursuant to the terms of the Note. *See* Defs.' App'x. 117 [ECF No. 29]. On September 10, 2008, Plaintiff entered a repayment plan; and, thereafter, on November 20, 2008, Plaintiff entered a Modification Agreement. *See* Defs.' App'x. 118. However, Plaintiff defaulted under the Modification Agreement, by failing to making required payments. *See* Defs.' App'x. 118. On March 6, 2009, the lender notified Plaintiff that her loan was in default and that she must cure the past due amounts by April 5, 2009 or the lender "will accelerate" on her loan. Pl.'s App'x, Ex. 3 [ECF No. 35]. After Plaintiff failed to cure the

default, the lender accelerated the loan on April 27, 2009: "the maturity date of the Note was accelerated effective 4/27/2009." Pl.'s App'x, Ex. 4 [ECF No. 35].

In June 2009, Plaintiff entered a second repayment plan ("Repayment Plan") to avoid foreclosure of the Property. Defs.' App'x. 119 [ECF No. 29]; *see also* Pl.'s App'x, Ex. 3 [ECF No. 35]. The terms of the Repayment Plan required Plaintiff to make twenty monthly payments between June 25, 2009 and January 15, 2011. *See id*. The Repayment Plan provided that there would be no grace period during the Repayment Plan, that if payments were not remitted in accordance with the Repayment Plan, "[the] agreement w[ould] be immediately null and void without any further notice or demand on [FFLS's] part," and that "[a]ny foreclosure action [the lender] may have previously initiated w[ould] resume." Defs.' App'x. 23-24 [ECF No. 29]. It is undisputed that Plaintiff failed to remit any payments due under the Repayment Plan for August 2009, September 2009, December 2009, and January 2010, and that she remitted less than the full payment amount for payments due in July 2010, August 2010, and September 2010. Defs.' App'x. 122-25 [ECF No. 29]. It is further undisputed that Plaintiff failed to make any payments under the

6

Repayment Plan after September 2010.

The summary judgment evidence also shows that on November 10, 2010, BAC, Plaintiff's loan servicer at the time, sent Plaintiff a Notice of Default warning her that the Loan "is in serious default" and that "[i]f the default is not cured . . . [then] the [Loan] will be accelerated . . . . [which] may result in the foreclosure and sale of [the] [P]roperty." Defs.' App'x. 44 [ECF No. 29]. On or about July 1, 2011, Plaintiff's loan servicing was transferred to BOA. Defs.' App'x. 58 [ECF No. 29]. BOA sent Plaintiff a Notice of Default and Intent to Accelerate on October 11, 2011. Defs.' App'x. 63 [ECF No. 29]. An Application for an Expedited Order Under Rule 736 on a Home Equity Loan was subsequently filed in Dallas County District Court. Defs.' App'x. 147 [ECF No. 29].

Plaintiff contends that, pursuant to the express terms of the Repayment Plan, the Repayment Plan was "null and void," and Defendants' foreclosure attempts resumed as if the Repayment Plan never existed. Further, Plaintiff contends that the lender's 2009 notice of default and acceleration remained intact and was never abandoned. Plaintiff therefore moves for summary on the ground that Defendants are barred by the applicable four-year statute of limitations from foreclosing on the Property.

7

Defendants seek summary judgment as to all of Plaintiff's claims and causes of action, on various grounds. The motions have been fully briefed and are ripe for determination. However, Plaintiff failed to respond to any of Defendants' summary judgment arguments, other than their arguments directed to the limitations issue.

<u>Limitations</u>

Plaintiff argues that Defendants are precluded from foreclosing on the Property, because the four-year statute of limitation expired in April of 2013. 2d Am. Pet. [ECF No. 1-4 at 127-28]. "A sale of real property under a power of sale in a mortgage or deed of trust that creates a real property lien must be made not later than four years after the day the cause of action accrues." TEX. CIV. PRAC. REM. CODE § 16.035(b). "If a note or deed of trust secured by real property contains an optional acceleration clause, default does not ipso facto start limitations running on the note." *Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 566 (Tex. 2001). "Rather, the action accrues only when the holder actually exercises its option to accelerate." *Id.* (citing *Hammann v. H.J. McMullen & Co.*, 62 S.W.2d 59, 61 (1933); *Curtis v. Speck*, 130 S.W.2d 348, 351 (Tex. Civ. App.-Galveston 1939, writ ref'd)). "Effective acceleration requires two acts: (1) notice of

8

intent to accelerate, and (2) notice of acceleration." *Id.* (citing *Shumway v. Horizon Credit Corp.*, 801 S.W.2d 890, 892 (Tex. 1991); *Ogden v. Gibraltar Sav. Ass'n*, 640 S.W.2d 232, 233 (Tex. 1982)). "Both notices must be 'clear and unequivocal.'" *Id.* (citing *Shumway*, 801 S.W.2d at 893). "Even when a noteholder has accelerated a note upon default, the holder can abandon acceleration if the holder continues to accept payments without exacting any remedies available to it upon declared maturity." *Id.* at 566-67 (citing *City Nat'l Bank v. Pope*, 260 S.W. 903, 905 (Tex. Civ. App.—San Antonio 1924, no writ); *San Antonio Real Estate, Bldg. & Loan Ass'n v. Stewart*, 61 S.W. 386, 388 (1901); *Denbina v. City of Hurst*, 516 S.W.2d 460, 463 (Tex. Civ. App.-Tyler 1974, no writ).

Defendant argues that Plaintiff's limitations claim fails because she only alleges that a notice of intent to accelerate was sent. Defs.' Br. 9-10 [ECF No. 28] (citing Am. Pet. ¶ 18, ECF No. 1-4). In addition, Defendants argue that any purported acceleration was abandoned by subsequent notices of default which Plaintiff admits to receiving in November of 2010 and October of 2011. Defs.' Br. 10-11 [ECF No. 28]; 2d Am. Pet. [ECF No. 1-4 at 128]. In the response, Plaintiff argues that the 2009 acceleration was never abandoned, because abandonment means that the original maturity

9

date was restored and the lender could no longer foreclose due to the acceleration. Pl.'s Br. 4-5 [ECF No. 34]. Plaintiff argues that, since Defendants' acceleration in April of 2009, there is no dispute as to the fact that no payments were applied to the loan after this date. Pl.'s Br. 4 [ECF No. 34]. In the reply, Defendants argue that Plaintiff's response ignores two notices of default sent to Plaintiff after April 27, 2009 which are sufficient to demonstrate abandonment as a matter of law under binding Fifth Circuit precedent. Reply 3-4 [ECF No. 36]. In addition, Defendants argue that Plaintiff's claim that no payments were applied after April 2009 is contradicted by Plaintiff's own testimony and other summary judgment evidence. Reply 5 [ECF No. 36].

"[T]he request for payment of less than the full obligation following an initial acceleration of the entire obligation amount[s] to waiver or abandonment of the acceleration." *Martin v. Fed. Nat'l Mortg. Ass'n*, 814 F.3d 315, 318 (5th Cir. 2016). As Defendants point out, Plaintiff acknowledges receipt of the notices of demand to cure default and intent to accelerate in November of 2010 and October of 2011. 2d Am. Pet. [ECF No. 1-4 at 126]. Defendants provide these notices in support of their summary judgment motion. *See* App. 44, 63 [ECF No. 29]. Plaintiff does not respond

10

to the evidence of the November 2010 and October 2011 notices.

Because Defendants provided notices seeking less than the full obligation after the 2009 acceleration, Plaintiff's argument that foreclosure is barred by the statute of limitations fails. Plaintiff's motion for summary judgment seeks summary judgment solely on the basis of the statute of limitation argument. *See* Pl.'s Br. [ECF No. 25]. Therefore, Defendants' request for summary judgment with respect to Plaintiff's statute of limitations claim should be granted, and Plaintiff's summary judgment motion based on the same ground should be denied. *See Fortezza Enters., Inc. v. Deutsche Bank Nat'l Co.*, 2016 WL 3181997, at *3 (N.D. Tex. June 8, 2016) ("[B]y 'providing account statements seeking less than the full accelerated amount and mailing new notice-of-intent-to-accelerate letters,' Deutsche abandoned the 2010 acceleration. . . . Because Deutsche's last notice of default and intent to accelerate letter came on May 8, 2014, . . . it had until May 8, 2018, to foreclose under the Note. . . . Deutsche foreclosed on May 5, 2015-well within that time frame.") (citing *Cline v. Deutsche Bank Nat. Trust Co.*, 2015 WL 4041791, at *5 (N.D. Tex. July 2, 2015); TEX. CIV. PRAC. REM. CODE § 16.035(a))).

<u>Plaintiff's Repayment Plan Claims</u>

11

Plaintiff's remaining claims pertain to the Repayment Plan. Plaintiff did not respond to Defendants' summary judgment arguments that her claims for breach of contract, promissory estoppel, fraud, wrongful foreclosure, negligent misrepresentation, gross negligence, violations of the FDCPA and the DTPA, and quiet title should be dismissed. Plaintiff failed to identify any evidence raising a fact issues as to any of these claims. Accordingly, Plaintiff's claims for breach of contract, promissory estoppel, fraud, wrongful foreclosure, negligent misrepresentation, gross negligence, violations of the FDCPA and the DTPA, and quiet title are deemed abandoned, and the District Court should grant summary judgment in Defendants' favor as to each of these remaining claims. *See Black v. Panola Sch. Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006) (holding claim abandoned when plaintiff failed to defend it in response to motion to dismiss); *Scales v. Slater*, 181 F.3d 703, 708 n.5 (5th Cir. 1999) (holding plaintiff abandoned claim by failing to contest defendant's arguments for dismissal of that claim); *Scott v. Dorel Juvenile Grp., Inc.*, 773 F. Supp. 2d 664, 670 (N.D. Tex. 2011) (holding plaintiff's failure to respond to motion for summary judgment on particular claim was deemed abandonment of that claim, which entitled defendant to summary judgment), *aff'd in relevant part,*

*rev'd in part*, 456 F. App'x 450 (5th Cir. 2012); *Thompson v. Exxon Mobil Corp.*, 344 F.Supp.2d 971, 976 (E.D. Tex. 2004) (holding that where plaintiff only responded to defendant's summary judgment motion on two claims, remaining claims were deemed to have been abandoned).

Plaintiff's remaining claims should each be dismissed with prejudice because Defendants have presented evidence that no genuine issue of material fact exists as to any claim, and Plaintiff has not met her burden to specifically identify evidence in the record that supports her claims. Each remaining claims is addressed briefly below.

<u>Breach of Contract</u>

Defendants argue that the summary judgment evidence shows that the Repayment Plan upon which Plaintiff's breach of contract claim is premised was not in effect, and that even if it was in effect, the summary judgment evidence shows that Plaintiff never made payments as required under the plan. Defs.' Br. 17 [ECF No. 28]. "In Texas, the elements of a claim for breach of contract are: (1) a valid contract between the plaintiff and the defendant, (2) performance or tender of performance by the plaintiff, (3) breach by the defendant, and (4) damage to the plaintiff as a result of the breach." *Lawyers Title Ins. Corp. v. Doubletree Partners, L.P.,*

739 F.3d 848, 858 (5th Cir. 2014) (citation and internal quotation marks omitted). Defendants submit a letter signed by Plaintiff acknowledging that the Repayment Plan will be null and void if she does not make timely payments. Ex. A-3 [ECF No. 29 at 26-27]. Defendants also submit portions of Plaintiff's deposition testimony wherein she concedes that she has not made any payments to Nationstar. Ex. D [ECF No. 29 at 137]. Plaintiff's response does not address Defendants' argument that summary judgment is appropriate with respect to Plaintiff's breach of contract claim. As discussed, it is Plaintiff's burden to specifically identify evidence in the record that supports her claim, and the Court does not have a duty "to sift through the record to find evidence that supports [her] opposition to [Defendants'] motion for summary judgment." *Esquivel*, 2016 WL 6093327, at *2. Therefore, summary judgment should be granted with respect to Plaintiff's breach of contract claim.

<u>Promissory Estoppel</u>

Plaintiff alleges that BOA, BAC Home Loans Servicing, Inc. ("BAC"), and Nationstar "made false representations regarding the status of Plaintiff's account," and that "Plaintiff had no way of knowing that [BOA], BAC, and [Nationstar] would not honor the Repayment Plan." 2d Am. Pet.

14

[ECF No. 1-4 at 132]. "Under Texas law, '[t]he requisites of promissory estoppel are: (1) a promise, (2) foreseeability of reliance thereon by the promisor, and (3) substantial reliance by the promisee to his detriment.'" *MetroplexCore, LLC v. Parsons Transp., Inc.*, 743 F.3d 964, 977 (5th Cir. 2014) (quoting *English v. Fischer*, 660 S.W.2d 521, 524 (Tex. 1983)). "'The function of the doctrine of promissory estoppel is . . . defensive in that it estops a promisor from denying the enforceability of the promise.'" *Id.* (quoting *Wheeler v. White*, 398 S.W.2d 93, 96 (Tex. 1965)). "The burden of proving all the essential elements of promissory estoppel is on the party asserting the doctrine." *Id.* (citing *Concord Oil Co. v. Alco Oil & Gas Corp.*, 387 S.W.2d 635, 639 (Tex. 1965)). Defendants submit portions of Plaintiff's deposition testimony stating that she did not have communications with Defendants when the Repayment Plan was offered. Ex. D. [ECF No. 29 at 117, 134 & 140]. Defendants argue that, in the absence of any communication, there was necessarily no actionable promise. Plaintiff's response does not address Defendants' argument. Plaintiff has thus failed to establish a genuine fact issue exists on her promissory estoppel claim. Therefore, Defendants are entitled to summary judgment with respect to this claim.

15

<u>Fraud</u>

Plaintiff alleges that "Defendants intentionally and wantonly engaged in wrongful acts with the purpose of deceiving Plaintiff by misapplying Plaintiff's payments." 2d Am. Pet. [ECF No. 1-4 at 133]. "A fraud claim under Texas law is actionable when: (1) a material misrepresentation was made; (2) the representation was false; (3) the falsity of the representation was known to be false when made or was asserted without knowledge of its truth; (4) the representation was intended to be acted upon; (5) the representation was relied upon; and (6) injury occurred as a result." *Garcia v. Universal Mortg. Corp.*, 2013 WL 1858195, at *9 (N.D. Tex. May 3, 2013) (citing *Arete Partners, L.P. v. Gunnerman*, 594 F.3d 390, 394 (5th Cir. 2010); *Formosa Plastics Corp. U.S.A. v. Presidio Eng'rs & Contractors, Inc.*, 960 S.W.2d 41, 47 (Tex. 1998)). Defendants argue that Plaintiff does not dispute Defendants' application of her payments and misunderstood how the payments were applied until she reviewed the payment history at her deposition. Defs.' Br. 19 [ECF No. 28]; Ex. D [ECF No. 29 at 134]. Plaintiff's response does not address this argument. As discussed, it is Plaintiff's burden to specifically identify evidence in the record that supports her claim. In view of Plaintiff's failure to satisfy her burden to

16

establish a genuine fact issue with respect to her fraud claim, Defendants are entitled to summary judgment with respect to this claim.

Wrongful Foreclosure

Plaintiff asserts that Defendants "intentionally instituted the foreclosure process against Plaintiff's property, knowing that they had not given Plaintiff proper credit for all payments previously received by First Franklin and BofA." 2d Am. Pet. [ECF No. 1-4 at 133]. "In order to allege common law wrongful foreclosure, a plaintiff must establish (1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and selling price." *Fashina v. Fed. Home Loan Mortg. Corp.*, 2013 WL 1499376, at *2 (N.D. Tex. Mar. 18, 2013) (citations omitted). A "claim for 'wrongful foreclosure' is not available based merely on showing a defect in the foreclosure process; it is also necessary that there be an inadequate selling price resulting from the defect." *Id.* (citing *Biggers v. BAC Home Loans Servicing, L.P.*, 767 F. Supp. 2d 725, 729 (N.D. Tex. 2011)) (internal quotations and alterations omitted). However, there is an exception to the requirement of having to show a grossly inadequate selling price if the lender deliberately "chilled"

the bidding at the foreclosure sale. *See Miller v. BAC Home Loans Servicing, L.P.*, 2013 WL 4080717, at *8 (5th Cir. Aug. 13, 2013). Defendants argue that because no foreclosure has taken place, there can be no defect in the foreclosure sale proceedings or a grossly inadequate sale price. Defs.' Br. 19 [ECF No. 28]. Plaintiff's response does not address this argument. Again, in the absence of any evidence raising a genuine fact issue that a foreclosure sale occurred or that such a sale resulted in a grossly inadequate sales price, summary judgment in Defendants' favor is appropriate as to this claim.

### Negligent Misrepresentation/Gross Negligence

Plaintiff alleges that Defendants made negligent misrepresentations regarding payments made on Plaintiff's loan. 2d Am. Pet. [ECF No. 1-4 at 134].

> Under Texas law, a claim for negligent misrepresentation consists of four elements: (1) the representation is made by a defendant in the course of his business, or in a transaction in which he has a pecuniary interest; (2) the defendant supplies "false information" for the guidance of others in their business; (3) the defendant did not exercise reasonable care or competence in obtaining or communicating the information; and (4) the plaintiff suffers pecuniary loss by justifiably relying on the representation.

18

*Gen. Elec. Capital Corp. v. Posey*, 415 F.3d 391, 395-96 (5th Cir. 2005) (citing *Clardy Mfg. Co. v. Marine Midland Bus. Loans, Inc.*, 88 F.3d 347, 357 (5th Cir. 1996)). Defendants argue that there is no evidence either U.S. Bank or Nationstar made any negligent misrepresentation with respect to Plaintiff' Repayment Plan; nor is there evidence that Defendants failed to accurately communicate the status of Plaintiff's loan to Plaintiff. Defs.' Br. 20-22 [ECF No. 28]; Ex. D [ECF No. 29 at 126-27]. Plaintiff fails to address this argument in her summary judgment response. Accordingly, Plaintiff has failed to satisfy her burden to specifically identify evidence in the record that supports her claim. Defendants are entitled to summary judgment with respect to Plaintiff's negligent misrepresentation claim.

Fair Debt Collection Practices Act/Deceptive Trade Practices Act

Plaintiff contends that "[d]espite warning Defendants of their violations since at least October 2010, Defendants continued to send the Plaintiff several letters misstating the balance owed," and that Defendants' false representations regarding "the amount of the debt in connection with collection activity is a violation of the FDCPA." 2d Am. Pet. [ECF No. 1-4 at 136]. "In order to prevail on an FDCPA claim the [plaintiff] must demonstrate that [she] has been the object of collection activity arising

19

from consumer debt, and the defendants are debt collectors who engaged in acts or omissions prohibited by the FDCPA." *United States v. Commercial Recovery Sys., Inc.*, 179 F. Supp. 3d 728, 733 (E.D. Tex. 2016) (citing *Fuller v. Becker & Poliakoff, P.A.*, 192 F. Supp. 2d 1361, 1366 (M.D. Fla. 2002)). Defendants argue that Plaintiff failed to establish that they engaged in an act or omission prohibited by the FDCPA. Defs.' Br. 23 [ECF No. 28]. Defendants argue that they are pursuing a legitimate right to foreclose on the Property due to Plaintiff's failure to make timely payments, and Plaintiff concedes that her loan payments have been properly applied. Br. 23 [ECF No. 28].

Under Texas law, the elements of a DTPA claim are: "(1) the plaintiff is a consumer, (2) the defendant engaged in false, misleading, or deceptive acts, and (3) these acts constituted a producing cause of the consumer's damages." *Doe v. Boys Club of Greater Dallas, Inc.*, 907 S.W.2d 472, 478 (Tex. 1995) (citing Tex. Bus. & Com. Code § 17.50(a)(1)). Thus, a claimant asserting a cause of action under the DTPA must be a "consumer" in order to have standing. *Cushman v. GC Serv., L.P.*, 397 F. App'x 24, 27-29 (5th Cir. 2010). A "consumer" under the DTPA is defined as one who "seeks or acquires by purchase or lease, any goods or services." Tex. Bus. & Com.

CODE § 17.45(4). "Goods" include "tangible chattels or real property purchased or leased for use." *Id.* at § 17.45(1). "Services" are defined as "work, labor, or service purchased or leased for use, including services furnished in connection with the sale or repair of goods." *Id.* at § 17.45(2). "[O]ne who obtains a . . . loan does not obtain a 'good' or 'service' to qualify as a consumer under the DTPA." *Marketic v. U.S. Bank Nat'l Ass'n*, 436 F. Supp. 2d 842, 854-55 (N.D. Tex. 2006) (citing *Grant-Brooks v. Wilshire Credit Corp.*, 2004 WL 1194462 *5 (N.D. Tex. 2004)); *see also Rojas v. Wells Fargo Bank, N.A.*, 571 F. App'x 274, 279 (5th Cir. 2014) ("Rojas is not a consumer . . . because the basis of her claim is the subsequent loan servicing and foreclosure activities, rather than the goods or services acquired in the original transaction."). Defendant argues that Plaintiff is not a consumer, because borrowing money does not constitute the acquisition of a good or service under the DTPA. Defs.' Br. 24 [ECF No. 28].

Plaintiff's response does not address Defendants' arguments regarding Plaintiff's FDCPA and DTPA claims. The result of this failure is that Plaintiff has not met her burden to specifically identify evidence in the record that supports her claim. Therefore, summary judgment is appropriate with respect to Plaintiff's FDCPA and DTPA claims.

21

Quiet Title

Plaintiff also asserts a claim for quiet title to the Property. "In Texas, the elements of the cause of action to quiet title are (1) an interest in a specific property, (2) title to the property is affected by a claim by the defendant, and (3) the claim, although facially valid, is invalid or unenforceable." *Hill v. BAC Home Loans Servicing, L.P.*, 2014 WL 2117455, at *4 (N.D. Tex. May 6, 2014) (internal quotation marks and citation omitted). "In a suit to quiet title, a plaintiff must establish a right, title, or ownership in himself with sufficient certainty to enable the court to see that he has a right of ownership and that the alleged adverse claim is a cloud on the title that equity will remove." *Id.* (internal quotation marks and citation removed). "A suit to quiet title is an equitable action in which a plaintiff must prove and recover on the strength of his own title, not the weakness of his adversary's." *Singha v. BAC Home Loans Servicing, L.P.*, 564 F. App'x 65, 71 (5th Cir. Apr. 17, 2014) (*Fricks v. Hancock*, 45 S.W.3d 322, 327 (Tex. App.-Corpus Christi 2001, no pet.)). Defendant argues that Plaintiff's claims that she "acquired the property through a Deed of Trust and/or Security Instrument," and that she "is the rightful owner and has superior title to the property in question" do not suffice to state a quiet title claim

and does not obviate Defendants' right of sale under the terms of the Deed of Trust in the event of default. Defs.' Br. 25 [ECF No. 28]; 2d Am. Pet. 137 [ECF No. 1-4]. Defendants argue that because Plaintiff's Repayment Plan terminated before Defendants had an interest in the loan, and because the loan remained in default, Defendants are entitled to foreclose on the Property. Defs.' Br. 25-26 [ECF No. 28]. Furthermore, Defendants argue that Plaintiff concedes that her claim is based entirely on the weakness of Defendants' title and submits portions of Plaintiff's deposition testimony in support. Defs.' Br. 26 [ECF No. 28]; Ex. D [ECF No. 29 at 143]. Plaintiff's response does not address these arguments and fails to specifically identify any evidence in the record that supports her claim for quiet title. Therefore, Defendants are entitled to summary as to this claim.

Equitable Estoppel - Fraudulent Concealment

Finally, Plaintiff alleges that BAC, BOA, and Franklin "purposely delayed Plaintiff so that they could foreclose on the Property with the hopes of tolling the statute of limitations as to Plaintiff's breach of contract claim." 2d Am. Pet. [ECF No. 1-4 at 131]. BAC is not a party to this lawsuit, and BOA and Franklin have been dismissed. Joint Stipulation [ECF No. 21]. Plaintiff does not allege that either Nationstar or U.S. Bank purposefully

delayed foreclosure proceedings or fraudulently concealed any information from Plaintiff. Nationstar and U.S. Bank do not move for summary judgment on Plaintiff's equitable estoppel – fraudulent concealment claim, but, in view of the fact that the allegations pertaining to this claim do not involve the remaining defendants in this lawsuit, the claim is moot and should be dismissed.

## **RECOMMENDATION**

For the foregoing reasons, the District Court should **DENY** Plaintiff's Motion for Summary Judgment [ECF No. 24] and **GRANT** Defendants' Motion for Summary Judgment [ECF No. 27] in its entirety. All of Plaintiff's claims and causes of action should be **DISMISSED** with prejudice.

**SO RECOMMENDED**, March 1, 2018.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## **INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and

file written objections within fourteen days after service of the findings, conclusions, and recommendation. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superceded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

25