IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| GAYA HOLMAN,<br><br>    Plaintiff,<br><br>v.<br><br>NATIONSTAR MORTGAGE, LLC, et al.,<br><br>    Defendants. | No. 3:16-cv-2125-N-BT |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court in this foreclosure case is a "Rule 60(b)(6) Motion for Relief from Judgment and Request for Expedited Indicative Ruling Under Rule 62.1," (ECF No. 46), filed by Plaintiff Gaya Holman, now proceeding *pro se*. The Court previously denied Plaintiff's request for an expedited ruling; therefore, only Plaintiff's request for Rule 60(b)(6) relief remains. Order (ECF No. 51). For the following reasons, Plaintiff's Rule 60(b)(6) Motion for Relief from Judgment should be DENIED.

On October 17, 2018, Plaintiff filed her Rule 60(b)(6) Motion, requesting that the "Court reverse its rulings in Docket Entries 38, 41, and 42, or alternatively, allow Plaintiff to file a proper Motion for Summary Judgment and properly respond to Defendants' Motion for Summary Judgment." Pl.'s Br. Support 4 (ECF No. 47). The documents that Plaintiff references include the Findings, Conclusions, and Recommendations of the United States Magistrate Judge (ECF

1

No. 38) recommending the Court deny Plaintiff's Motion for Summary Judgment, grant Defendants' Motion for Summary Judgment, and dismiss Plaintiff's claims with prejudice; the Court's March 23, 2018 Order accepting those Findings (ECF No. 41); and the Court's March 23, 2018 Judgment dismissing Plaintiff's claims against Defendants with prejudice (ECF No. 42).

Plaintiff filed her Notice of Appeal to the Fifth Circuit on April 23, 2018. (ECF No. 43). Generally, a perfected appeal divests the district court of jurisdiction. *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 329 (5th Cir. 2004). But under Federal Rule of Civil Procedure 62.1, the Court may entertain and deny a Rule 60(b) motion to vacate a judgment that is pending on appeal. Fed. R. Civ. P. 62.1(a)(2) ("If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may . . . deny the motion."). Rule 60(b), in turn, provides for relief from a final judgment and states, in pertinent part, that "[o]n motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding for . . . any . . . reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Rule 60(b)(6) "is a residual clause used to cover unforeseen contingencies,'" and, like Rule 60(b) relief generally, "'it is a means for accomplishing justice in exceptional circumstances.'" *Steverson v. GlobalSantaFe Corp.*, 508 F.3d 300, 303 (5th Cir. 2007) (quoting *Stipelcovich v. Sand Dollar Marine, Inc.,* 805 F.2d 599, 604-05 (5th Cir. 1986)); *see also Hess v. Cockrell*, 281 F.3d 212, 216 (5th Cir. 2002) ("Rule 60(b)(6) motions 'will be granted only if extraordinary circumstances are present.'") (quoting *Batts v. Tow-Motor*

2

*Forklift Co.,* 66 F.3d 743, 747 (5th Cir. 1995)). Extraordinary circumstances "may include, in an appropriate case, 'the risk of injustice to the parties' and 'the risk of undermining the public's confidence in the judicial process.'" *Buck v. Davis*, 137 S. Ct. 759, 778 (2017) (quoting *Liljeberg v. Health Servs. Acquisition Corp.,* 486 U.S. 847, 863-864 (1988)).

"[R]elief under Rule 60(b) is considered an extraordinary remedy," and "the desire for a judicial proceeding that is predictable mandates caution against reopening judgments." *Carter v. Fenner*, 136 F.3d 1000, 1007 (5th Cir. 1998) (internal quotation marks and citations omitted). When ruling on a Rule 60(b) motion, courts should consider:

> (1) that final judgments should not lightly be disturbed; (2) that the Rule 60(b) motion is not to be used as a substitute for appeal; (3) that the rule should be liberally construed in order to achieve substantial justice; (4) whether the motion was made within a reasonable time; (5) whether if the judgment was a default or a dismissal in which there was no consideration of the merits the interest in deciding cases on the merits outweighs, in the particular case, the interest in the finality of judgments, and there is merit in the movant's claim or defense; (6) whether if the judgment was rendered after a trial on the merits the movant had a fair opportunity to present his claim or defense; (7) whether there are intervening equities that would make it inequitable to grant relief; and (8) any other factors relevant to the justice of the judgment under attack.

*Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 402 (5th Cir. Unit A Jan. 1981) (citing *United States v. Gould*, 301 F.2d 353, 355-56 (5th Cir. 1962)).

3

Here, Plaintiff maintains that she is entitled to relief under Rule 60(b)(6) because she relied on her former counsel, The Lane Law Firm ("TLLF"), who "performed so far below the standard of practice, that they failed to address multiple claims listed in Plaintiff's Verified Second Amended Petition in her Motion for Summary Judgment, and failed to properly respond and reply to Defendants' Motion for Summary Judgment briefing." Pl.'s Br. Support 5. Plaintiff contends that her former counsel's alleged incompetence rises to the level of gross negligence. Pl.'s Br. Support 10. Specifically, she argues that "TLLF omitted details and evidence regarding objections to default letters that would prove ineffective abandonment," "omitted details and evidence of competent contrary evidence regarding acceptance of payments that would prove ineffective abandonment," "failed to respond to Defendants' claim that providing mortgage statements is a form of abandonment," and "failed to address several claims made in Plaintiff's Verified Second Amended Petition in the Motion for Summary Judgment filed on her behalf and failed to properly respond/reply to Defendants' Motion for Summary Judgment briefings." Pl.'s Br. Support 5-9.

However, "reliance on counsel do[es] not represent the exceptional inequity necessary for granting relief under Rule 60(b)." *Williams v. United States*, 577 F.2d 930, 931 (5th Cir. 1978) (per curiam) (citation omitted); *see Ackermann v. United States*, 340 U.S. 193, 197 (1950) (holding that petitioner who failed to appeal because "his attorney advised him he would have to sell his home to pay costs," among other reasons, had not alleged extraordinary circumstances under

4

Rule 60(b)(6)). But "[c]ourts in other circuits have recognized that in extreme circumstances, an attorney's gross negligence may be grounds for Rule 60(b)(6) relief." *Vaughn v. Mobil Oil Expl. & Producing Se., Inc.*, 1990 WL 93859, at *2 (E.D. La. June 25, 1990) (citing *Carter v. Albert Einstein Med. Ctr.,* 804 F.2d 805, 807-08 (3d Cir. 1986); *Boughner v. Sec'y of Health, Educ. & Welfare,* 572 F.2d 976, 978-79 (3d Cir. 1978); *Jackson v. Wash. Monthly Co.,* 569 F.2d 119 (D.C. Cir. 1977); *United States v. Cirami,* 563 F.2d 26 (2d Cir. 1977); *Heim v. Commissioner,* 872 F.2d 245, 248-49 (8th Cir. 1989) (recognizing in dictum that such relief might be appropriate in other circumstances); *Inryco, Inc. v. Metro. Eng'g Co.,* 708 F.2d 1225, 1234 (7th Cir. 1983) (reserving issue and denying Rule 60(b)(6) relief on ground that clients had not kept themselves informed)). Nonetheless, "a party remains under a duty to take legal steps to protect his own interests, and . . . part of that duty includes an obligation to keep informed of the state of matters before the court." *Pickney v. Strategic Rests. Acquisition Co.*, 2018 WL 1975044, at *5 (W.D. La. Apr. 25, 2018) (citing *Vaughn,* 1990 WL 93859, at *2). Because "'Rule 60(b) relief will be afforded only in unique circumstances,'" "when the party has failed to make efforts to keep so informed, Rule 60(b)(6) relief will be denied." *Vaughn,* 1990 WL 93859, at *2 (quoting *Pryor v. U.S. Postal Serv.,* 769 F.2d 281, 287 (5th Cir. 1985)). For

> in civil litigation, . . . the mistakes of counsel, who is the legal agent of the client are chargeable to the client . . . no matter how "unfair" this on occasion may seem. . . . Were this Court to make an exception to finality of judgment each time a hardship was visited upon the unfortunate

5

> client of a negligent or inadvertent attorney, even though the result be disproportionate to the deficiency, courts would be unable to ever adequately redraw that line again, and meaningful finality of judgment would disappear.

*Pryor,* 769 F.2d at 288-89 (internal citations omitted).

Plaintiff admits that "[a]ll of the above-mentioned omissions and failures are the direct result of Plaintiff's reliance on the advice of counsel," and states that when she confronted TLLF about the "correctness of their actions," they indicated "that they chose to focus on 'the . . . strongest and [most] straightforward claims.'" Pl.'s Br. Support 9-10. Because reliance on counsel does not represent extraordinary circumstances necessary for granting relief under Rule 60(b)(6), and Plaintiff's former counsel appears to have made strategic decisions rather than engaged in grossly negligent conduct, Plaintiff is not entitled to relief under Rule 60(b)(6).

Further, Plaintiff's arguments that she contends her counsel should have made, now raised for the first time post-judgment, are untimely. *See Barrs v. Sullivan*, 906 F.2d 120, 122 (5th Cir. 1990) (per curiam) ("We conclude that the district court did not abuse its discretion in determining that Barrs's equitable tolling argument contained in his Rule 60(b) motion was untimely because he had not raised his 'brain damage' argument in response to the Secretary's motion to dismiss or in an objection to the magistrate's report."). Plaintiff had a duty to take legal steps to protect her own interests, and if she disagreed with her former

6

counsel's strategic decisions in litigating this case, she was free to engage new representation. Accordingly, Plaintiff's Rule 60(b)(6) Motion should be denied.

## RECOMMENDATION

For the foregoing reasons, Plaintiff's "Rule 60(b)(6) Motion for Relief from Judgment and Request for Expedited Indicative Ruling Under Rule 62.1," (ECF No. 46), should be DENIED.

**SO RECOMMENDED.**

May 28, 2019.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).